UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. _____

VINCENT A. LATTANZIO,
Petitioner,

vs.

UNITED STATES OF AMERICA,
Respondent.

05-30152-MAP

PETITIONER'S MEMORANDUM
IN SUPPORT OF SECOND OR SUCCESSIVE
PETITION FOR RELIEF
PURSUANT TO 28 U.S.C. §2255
AND MOTION TO STAY

I. Introduction

Petitioner Vincent A. Lattanzio submits this Memorandum in support of his Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Petitioner is filing this Motion in this Court at this time in an effort to preserve his claim under United States v. Booker, 543 U.S. \_\_\_\_, 125 S.Ct. 738 (2005) and Blakely v. Washington, 542 U.S. \_\_\_\_, 124 S.Ct. 2531 (2004). Petitioner has been prompted to file this Motion at this time by the Supreme Court's holding in Dodd v. United States, 545 U.S. \_\_\_\_, decided June 20, 2005.

Petitioner wishes to inform the Court that on June 24, 2005 he filed his Application For Leave To File A Second Or Successive Motion To Vacate, Set Aside Or Correct

1

Sentence in the United States Court of Appeals and appended a copy of his current Motion to that Application. He is filing his Motion prior to authorization in an effort to insure that he meets the statute of limitations filing requirements.

## II. Background

Petitioner was convicted October 6, 1994 of bank robbery, conspiracy to interfere with commerce by robbery, interference with commerce by robbery and use of a firearm during a crime of violence following a jury trial, and on December 12, 1994 Petitioner was convicted in a separate jury trial of being a felon in possession of a firearm. On April 20, 1995 he was sentenced on both convictions to consecutive and concurrent terms of imprisonment totaling 353 months. His appeal was denied. United States v. Procopio, 88 F3d 21 (1st Cir. 1996). Petitioner filed his first Section 2255 motion on November 8, 1996 pro se; counsel was appointed and amended the motion on June 23, 1998; these were denied July 15, 1999. United States v. Lattanzio, Civil Action No. 96-30214-FHF. On October 7, 1999 the district court denied Petitioner's application for a certificate of appealability and so did the court of appeals, on May 10, 2000, terminating Petitioner's appeal. On November 15, 2002 Petitioner, once again pro se, filed an application in the court of appeals for leave to file a second or successive petition which was denied December 26, 2002. In that application, Petitioner presented claims similar to those presented in the present Motion, but based on the Supreme Court's rulings in Apprendi v. New Jersey, 430 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002), alleging that his sentence was unlawfully enhanced on the basis of judicial findings of fact made by a preponderance of the evidence, in violation of his Fifth and Sixth Amendment rights.

In denying Petitioner's application, the First Circuit stated:

2

> "'If the Supreme Court eventually makes the [Apprendi] rule retroactive, [petitioner] may at that time attempt a claim by second or successive petition.' Sustache-Rivera, 221 F3d at 16-17 (footnote omitted). Until that time, however, the instant application 'must be considered premature.' Id. at 15 n. 12.
> The application is denied without prejudice to timely refiling if the Supreme Court makes Apprendi retroactive to cases on collateral review."

In Re: Vincent A. Lattanzio, United States Court of Appeals for the First Circuit, No. 02-2460 [copy appended as Exhibit C].

As the Supreme Court has continued to issue decisions which increasingly brought its Apprendi principles to bear on federal sentencing practices, particularly those governed by the United States Sentencing Guidelines [USSG}, Petitioner continued his efforts to protect his right to claim the benefit of those rulings. Still pro se, he filed a petition for relief pursuant to 28 U.S.C. §2241 in the United States District Court for the District of West Virginia, Clarksburg Division [Petitioner was then imprisoned in that district] asserting claims under Ring. This petition was dismissed August 3, 2004 and Petitioner appealed that judgment; this appeal is pending in the United States Court of Appeals for the Fourth Circuit. Lattanzio v. United States, No. 04-7332.

### III. Reasons In Support Of Motion For Stay

In the interim, the United States Supreme Court has, in Blakely, supra, and Booker, supra, held that the decision-making process dictated by the USSG – in which sentences were enhanced, on the basis of judicial fact finding by a preponderance of the evidence, beyond the maximum authorized by the jury's verdict – violate the Fifth and Sixth Amendments. The Supreme Court has not yet considered whether either of these decision will be made retroactive on collateral review.

However, the Court's June 20, 2005 decision in Dodd, supra, creates a dilemma for

Petitioner and others similarly situated. The Court held that Section 2255(6)(3), which defines one of the events which triggers the one year statute of limitations imposed on Section 2255 by the AEDPA, causes the statute of limitations to begin running on the date on which the Supreme Court declares a new constitutional rule, even though the right to present a collateral claim based on that new rule does not arise until the new rule is held to be retroactive on collateral review. 545 U.S.____, slip opinion at 6-7. The harsh result is that, in almost all cases, the opportunity to file a claim grounded on a new constitutional rule will not ripen until after the statute of limitations on the claim has expired because the Supreme Court almost never makes a retroactivity determination within a year of declaring a new constitutional right. Id., at 6; dissenting opinion of Justice Souter, at 4-5, 8-12. The interplay between Section 2255 (6)(3) and (8)(2) [requiring that the retroactivity decision be made by the Supreme Court] guarantees that the statute of limitations will run on Petitioner's Blakely-Booker claim because no case is presently pending before the Court in which the retroactivity of either case is at issue.

Accordingly, this is the only time at which Petitioner can assert his Blakely-Booker claims before being barred by the statute of limitations. Fundamental habeas corpus policies militate strongly in favor of taking practical steps to insure that Petitioner receives one review of the merits of his constitutional claims. The relief Petitioner requests is analogous to that available to habeas petitioners who file a "mixed" petition – one containing exhausted and unexhausted claims.

The premise of the First Circuit's December 26, 2002 dismissal without prejudice has been eliminated by the Supreme Court's ruling in Dodd. The gist of Dodd is that Congress established a statute of limitations which will foreclose virtually every collateral

4

claim founded on a constitutional right announced after a defendant's direct appeals have been exhausted. Petitioner cannot revive the petition dismissed in 2002 because the relation-back doctrine does not apply in habeas corpus. Neverson v. Bissonnette, 261 F3d 120, 125-126 91st Cir. 2001). Because this statute of limitations is non-jurisdictional, it is subject to equitable tolling when a petitioner's failure to comply with the limitations period is due to circumstances beyond his control. Neverson v. Farquharson, 366 F3d 32, 34 (1st Cir. 2004). But a stay of a timely filed petition is an available alternative, Nowaczyk v. Warden, 299 F3d 69, 79 (1st Cir. 2002); see, Duncan v. Walker, 533 U.S. 167, 182-183 (2001) (Stevens, J., concurring); Neverson v. Farquharson, 366 F3d at 42-43, which is more certain.

The Supreme Court has repeatedly expressed a strong policy favoring at least one federal habeas review of a bona fide constitutional claim. See, e.g., Lonchar v. Thomas, 517 U.S. 314, 330 (1995); Stewart v. Martinez-Villareal, 523 u.S. 637, 645 (1997); Slack v. McDaniel, 529 U.S. 473, 488 (2000). Petitioner has a bona fide constitutional claim under Blakely and Booker. The presentence report in his case recommends that Petitioner's offense level be enhanced by 13 points, from 20 to 33, under USSG §§ 2B3.1(b)(1) [property of financial institution stolen], 2B3.1(b)(4)(B) [person physically restrained], 2B3.1(b)(5) [firearm taken], 2B3.1(b)(6)(E) [amount of loss], 3B1.1(a) [organizer or leadership role] and 3C1.1[obstruction of justice]. Petitioner challenged the leadership role enhancement in part because the recommendation depended on the statement of a codefendant not introduced in evidence. April 20, 1995 Tr. 3-4 [appended as Exhibit B]. The judge adopted the presentence report stating: "I have the right, based on what I heard and also hearsay, from what I didn't hear and I am satisfied with the presentence report.

Id, 4-5. Without the enhancements based on judicial factfinding, Petitioner's total offense level would have been 20 rather than 33 and, with his criminal history category of III, would have faced 41-51 months rather than 235-293 months on counts 1 - 3. As set forth above, the requirement that the Supreme Court have made its new rule retroactive on collateral review cannot yet be satisfied, and Petitioner requests that this court hold that requirement in abeyance, permitting Petitioner to file his petition for preservation purposes only.

Respectfully submitted,
VINCENT A. LATTANZIO

By _____
John M. Thompson
Federal Bar No. 22530
Thompson & Thompson, P.C.
1331 Main Street, Suite 320
Springfield, MA 01108
413-739-2100

## Certificate Of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing application has been served upon Assistant United States Attorney Kevin O'Regan, 1555 Main Street, Springfield, MA 01103 by first class mail, postage prepaid, this 24 <sup>th</sup> day of June, 2005.

_____
John M. Thompson

6